Nicholson, C. J.,
delivered the opinion of the court.
These three causes were consolidated and heard together, and decree rendered therein at the April Term, 1871, of the Chancery Court at Knoxville, from which all the complainants, and the defendants Brien & Thaxton, appealed to this court.
Defendant ~W. G. Price was indebted to the several complainants in different sums, and about the last of January, 1866, proposed to them, if they would *485 abstain from bringing suit, to send to J. Joseph, an auctioneer at Knoxville, a stock of goods he had in Washington county, within twelve or fourteen days, to be sold by Joseph, and the proceeds to be applied to the payment of complainants’ debts.
Price represented that he had $7,000 or $8,000 worth of goods, which he would send for the purposes stated, and the complainants accepted the • proposition.
About two weeks after this arrangement was made, complainants learned that Price ■ had had his goods boxed up, marked and consigned to defendants Brien & Thaxton, Nashville, and that they were on the railroad in transitu to Nashville, whereupon three bills were severally filed by complainants, in the order in which they have been stated, and part of the goods attached at Knoxville and part at Chattanooga.
In the progress of the causes the goods attached at Knoxville -were sold by order of the court, and the net proceeds of the sale are in the custody of the court. Those attached at Chattanooga were burned at that place in the burning of. the house in which they were stored, no inventory having been taken of. them.
Brien & Thaxton claim that the goods belonged to them, and found their claim upon the alleged sale and delivery in law to pay a debt of about $700 due to them.
On the other hand, complainants claim that they are entitled to the proceeds of the goods by virtue of their contract or agreement for their delivery to *486 J. Joseph, to be sold for their benefit, and that the pretended sale of the goods to Brien & Thaxton was fraudulent, and that they had a right to attach them, and have the proceeds of their sale applied to the debts due them.
We are of opinion that by’ the agreement of Price with the complainants to send the goods to Joseph to be sold, no title to them passed to the complainants. It was not a sale of the goods, nor payment of them upon his indebtedness to complainants, but a promise that he would send them to Joseph to be sold, which he failed to perform.
No steps were taken by Price to fulfill this agreement with complainants. On the contrary, he had the goods boxed up and marked to Brien & Thaxton, Nashville, and delivered at depots on the railroad for transportation to them, and receipts, or bills of lading, taken in the names of the wagoners who delivered the goods at the depots, on the 5th, 6th, and 8th of February, 1866, and the complainants’ first attachment bill was filed on the 15th of February, 1866, attaching the goods at Knoxville and Chattanooga, the goods being then on their way to Brien & Thaxton, Nashville.
The answers of defendants Brien & Thaxton to the several bills of complainants, deny any knowledge of the complainants’ claims on Price, or of his agreement to send the goods to Knoxville to be sold to pay such indebtedness, or of any indebtedness, of Price, when they bought the goods to pay their debt, and further aver that the several bills of lading for *487 said goods, wliich are exhibited witb their answer, were delivered to them by Price before the attachments were issued or levied upon said goods.
Although Price denies having made any agreement to ship his goods to Knoxville to be sold, it is manifest from the proof that he did make such agreement, and acted in bad faith with the complainants, but there is no evidence in the record that satisfies us that Brien & Thaxton had any knowledge of his indebtedness, even to complainants, nor of bad faith or fraud on their part. It is probable they apprehended that the goods were the only means Price had to pay their debt, and they agreed to buy them, and if they turned out to be of greater value than their debt, to account for the surplus; if of less value, to credit their account with such value.
It is also in proof that the bills of lading were delivered to defendants Brien & Thaxton, and most probably before complainants’ bills were filed. Hight states that the sale of goods to Brien & Thaxton was made about the first of February, 1866, and Price states it was made on the second of February, and the last bill of lading was dated a week before the first attachment issued, and both witnesses say they were delivered before they heard of any bill being filed.
A transfer and delivery of a bill of lading vests the property in the transferee, being regarded in law as a constructive delivery of the property itself: 1 Parsons on Con., 485; 2 Parsons on Con., 639; 2 Tenn., 110; 2 Col., 403.
*488 So, also, if goods be delivered to common carrier, marked to the person to whom they are to be delivered, it is in legal effect a delivery to the buyer, and the property in the goods becomes thereby vested in him: 2 Swan, 662; Angle on Car., s. 497.
We have seen that the alleged sale to complainants was not in fact a sale, but a mere promise by Price that he would thereafter forward the goods to J. Joseph, to be sold by him and pay the proceeds to complainants, and that therefore no title to the goods passed to complainants.
Although the purchase of the stock of goods by defendants Brien & Thaxton, without having seen them, and without knowing the amount of them with any degree of certainty, would, under other circumstances, excite suspicion of a fraudulent design, yet the fact of Price’s indebtedness is satisfactorily established, and a sufficient motive for the purchase may be found in Price’s failing condition.
The decree of the Chancellor will be affirmed, except as to the adjudication of costs against defendants Brien & Thaxton, and to that extent it is reversed, and the complainants will pay the costs of their causes heretofore accrued in the Chancery- Court and the costs in this court, and may have a decree against W. G. Price for the Chancery Court costs, and the causes will be remanded for further proceedings.